UNION SAV. BANK & TR. CO. ET AL. V. ELIZABETH S. SMITH ET AL.

1. PAID LEGATEES NOT PROPER PARTIES IN CONTROVERSY OVER RESIDUARY ESTATE.

   Legatees who have been paid their legacies are not necessary parties to an action involving a controversy over the residuary estate.

2. BILL OF EXCEPTIONS NOT CONTAINING ALL THE EVIDENCE SUFFICIENT, WHEN.

   A bill of exceptions which recites that it contains all the testimony, instead of all the evidence offered in the case, will not, on this ground, be stricken from the files, when the weight of the evidence is not involved. In this case certain exhibits offered in evidence were not attached to the bill of exceptions.

3. TRUST COMPANIES APPOINTED UNDER INVALID STATUTES ENTITLED TO COMPENSATION, WHEN—MEASURE OF COMPENSATION.

   A trust company which was, without objection, appointed executor of an estate by the probate court prior to the recent decision of the Supreme Court holding Secs. 3821c and 3821f Rev. Stat. unconstitutional, and which has since fully performed and the estate received the benefits of such services, is entitled to a reasonable compensation therefor. The measure of such compensation is that allowed by statute to legally appointed executors and administrators.

4. EXECUTOR ENTITLED TO COUNSEL FEES IN DEFENDING WILL.

   An executor is entitled to an allowance of reasonable counsel fees incurred by him in successfully defending actions contesting the validity of the will, although the verdict and judgment were based upon a subsequent agreement of compromise between the parties.

5. "PERSONAL ESTATE" IN SEC. 6188 REV. STAT., INCLUDES STOCKS, ETC.

   The phrase "personal estate" used in Sec. 6188 Rev. Stat., which allows executors full compensation upon the amount of personal estate collected and accounted for by them, includes stocks, bonds and other securities belonging to the estate, and an executor is, therefore, entitled to the statutory commissions thereon.

6. NO COMPENSATION UNDER SEC. 6188 REV. STAT. WHEN REAL ESTATE SOLD UNDER AGREEMENT OF HEIRS.

   Where real estate forming part of a residuary estate is sold under an agreement between the heirs, and not under directions of the will, an executor is not entitled to the statutory commissions from the proceeds thereof under Sec. 6188 Rev. Stat.

## GIFFEN, J.

This action arose in the probate court upon exceptions to the account of the Union Savings Bank & Trust Company as administrator *de bonis non* with the will annexed of Nicholas Patterson, deceased, and as executor of the last will and testament of Elizabeth P. Patterson, deceased. All the exceptions were overruled by the probate court, and upon appeal to the common pleas court, the exceptions to the allowance

of attorney fees to Mackoy & Lowman in a contest of the wills of Nicholas Patterson and Elizabeth P. Patterson, and the exception to the statutory commissions credited in the account of the administrator and executor respectively, were allowed by the common pleas court and all other exceptions were overruled. To this judgment the trust company prosecutes error and the defendants in error, not having filed any cross petition in error, the only question for consideration in this court is the judgment of the common pleas court in sustaining such exceptions.

A motion is filed in this court to strike the petition in error from the files for want of necessary parties. The question in controversy concerns the residue of the estate of Elizabeth P. Patterson, deceased, after the payment of certain special legacies. These having been paid, and concerning which there is no dispute, the legatees are not necessary parties and the motion to strike the petition in error from the files will be overruled.

A motion is also filed to strike the bill of exceptions from the files, for the reason that certain exhibits offered in evidence are not attached to the bill, and that it recites that it contains all the *testimony* offered in the case and not all the *evidence* in the case. The motion will be overruled for the reason that the weight of the evidence is not involved in the determination of the case which depends entirely upon the construction of the will of Elizabeth P. Patterson, deceased, and a written agreement dated April 19, 1901, between the Union Savings Bank & Trust Company, executor and trustee under the will of Elizabeth P. Patterson, deceased, the Old Men's Home, the Widow's Home, the Home of Incurables, and the Children's Home, devisees under the will of Elizabeth P. Patterson, of the one part, and Elizabeth S. Smith and Mary E. Bishop, heirs at law of Elizabeth P. Patterson, of the other part, each of which writings are attached to the bill of exceptions.

It is further claimed that the trust company is not entitled to the statutory commissions allowed executors and administrators, because under the recent decision of the Supreme Court in the case of Schumacher v. McCallip, 69 Ohio St. 500, it is held that:

"Trust companies are without capacity to receive and exercise appointments as administrators of the estates of deceased persons because the legislation evincing an intention to clothe them with such capacity * * * is void, being of a general nature and not of uniform operation throughout the state."

But in that case the objection was made at the time of the appointment, while in the case no objection was then made. The services by

the executor have since been fully performed and the estate received the benefit of such services. The defendants in error ought not now be heard in complaint of a reasonable compensation, the measure of which is that allowed by statute to legally appointed executors and administrators.

The residue of the estate of Nicholas Patterson, deceased, was devised and bequeathed to his wife, Elizabeth P. Patterson, and under the tenth item of the will of Elizabeth P. Patterson, it is provided that:

"Subject in all respects to the foregoing provisions of this my will * * * I give, devise and bequeath all the rest and residue of my property real and personal, wherever the same may be, to the Union Savings Bank & Trust Company of Cincinnati, Ohio, to have, hold, manage and control, sell, invest and reinvest, in trust nevertheless, for the uses and purposes and subject to the limitations hereinafter mentioned."

The defendants in error, Elizabeth S. Smith and Mary E. Bishop, having commenced an action to contest the will of Nicholas Patterson, and also that of Elizabeth P. Patterson, the agreement of April 19, 1901, was made providing that said parties of the second part will forbear all further contest of said wills, and providing that:

"The said devisees and each of them, in consideration thereof, agree and consent that the said executor and trustee of Elizabeth P. Patterson shall pay over and convey to said Elizabeth S. Smith and Mary E. Bishop, the one-half of all property and sums which are devised to said executor and trustee for the use and benefit of each of said devisees, in pursuance of the order of the probate court. in re the estate of said testatrix, this day made.

"And is is further understood that in making the said division the real estate, or any part thereof, may be taken at an agreed value by either of said parties, or if otherwise, shall be sold at public auction, and the said devisees will unite with said executor and trustee in the conveyance thereof, the proceeds thereof to be divided as above provided."

It is claimed by Mrs. Smith and Mrs. Bishop that under this agreement the executor is not entitled to an allowance for counsel fees in the contest of the will, nor of its statutory commissions upon the personal estate accounted for. It is contended that they are entitled to one-half of the property devised to the executor for the use and benefit of each of said devisees. Nothing, however, is devised to the executor, but under the tenth item of the will, the rest and residue is devised to the Union Savings Bank & Trust Company as trustee for the four charities. The

residue could not be ascertained until the debts and special legacies were paid and the estate fully administered, when the balance, less expenses of administration, would be paid by the executor to the trustee.

As a part of such expense, the executor has credited this account with the payment of $2,000 to Mackoy & Lowman, in the contest of the two wills. In the case of Andrews v. Andrews, 7 Ohio St. 143, the syllabus is as follows:

"An executor is not bound to assume the burden of the defense of a contest of the will by the heirs at law, but may properly throw the same upon the legatees or devisees.

"The executor is not entitled, when the will is adjudged invalid, to charge the estate, in his settlement account, with the expense of maintaining such defense."

And on page 151, the court say:

"We find no authority to sustain the position that a party acting as trustee is bound to defend *the relation of trustee* whenever the rightful existence of that relation is assailed or called in question; although, should he do so, and do it successfully, it seems he would, in *that* case, be entitled to charge his proper expenses against the trust estate; and this for the reason that his expenditure inures to the benefit of the *cestui que trust.*"

In this case, both of the wills were sustained and while it is true there was an agreement of compromise, yet they were sustained by a jury and the judgment of the court, and now stand as valid wills. We think, therefore, the counsel fees should be allowed, and the court of common pleas erred in sustaining the exceptions thereto.

Section 6188 Rev. Stat. provides:

"Executors and administrators may be allowed the following commissions upon the amount of the personal estate collected and accounted for by them, and of the proceeds of the real estate sold on an order of court for the payment of debts, or under directions of the will which shall be received in full compensation for all their ordinary services."

The words "personal estate" are broad enough to include the stocks, bonds, and other securities, and when collected together and accounted for by the executor, he is entitled to the statutory commission thereon. The real estate, however, was not sold or conveyed under directions of the will, but in accordance with the agreement of April 19, 1901. It was a part of the residuary estate to be turned over to the trustee and upon which the executor was not entitled to any commission, and in disallowing the same the common pleas court did not err.

Bank & Tr. Co. v. Smith.

The judgment of the court of common pleas will therefore be reversed, in so far as it sustains the exceptions to the allowance of attorney fees, and the exception to the statutory commissions other than that upon the real estate, and affirmed in sustaining the exception to the allowance of the latter commissions.

**Swing** and **Jelke, JJ.,** concur.